Andrew T. Ryan, Esq. (SBN 227700)
Jason A. Kayne, Esq. (SBN 321006
THE RYAN LAW GROUP
317 Rosecrans Avenue
Manhattan Beach, CA 90266
Tel: (310) 321-4800
Fax: (310) 496-1435
Andrew.ryan@theryanlawgroup.com
jason@theryanlawgroup.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JEFFRE ORD, an Individual,                )   Case No.: 2:25-cv-04148
                                          )
        Plaintiff,                        )
                                          )
                                          )   **COMPLAINT FOR DAMAGES**
                                          )
    VS.                                   )     **1. Negligence**
                                          )
PRINCESS CRUISE LINES, LTD.               )   **JURY TRIAL DEMANDED**
                                          )
        Defendants.                       )
                                          )
                                          )
                                          )
                                          )
                                          )
——————————————————————)

        Plaintiff Jeffre Ord, ("Plaintiff") hereby complains and alleges against Princess Cruise Lines, LTD., and DOES 1 through 50, (collectively "Defendants") as follows:

## GENERAL ALLEGATIONS

1.    Plaintiff Jeffre Ord is, and at all times mentioned herein, a resident of the State of Nevada.

2.    Defendant Princess Cruise  Lines, Ltd. ("Princess Cruises") is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, with its principal place of business in Santa Clarita, California.

## JURISDICTION AND VENUE

3.   The matter in controversy exceeds, exclusive of interest and costs, the sum  specified by 28 U.S.C. § 1332.

4.    At all times material hereto, Defendant, personally  or  through  an agent:

a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in California Code of Civil Procedure Section 395(a),

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

f.  Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard its vessels.

5.   At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

6.   At all times material hereto, the causes of action asserted in this Complaint arise  under the general maritime law of the United States.

7. This matter is being filed in the United States District Court for the Central District of California, as required by the forum selection clause contained within the cruise ticket contract issued by Defendant.

## FIRST CAUSE OF ACTION

### *Negligence*

(Against Princess Cruise Lines, Ltd. and DOES 1 through 50)

8. Plaintiff reincorporates and sets forth fully the preceding allegations in this complaint.

9. On or about May 23, 2024, Plaintiff and his wife, Kathy Jensen, were passengers onboard the Royal Princess.

10. Plaintiff was attending a scheduled 9:00 p.m. performance at the "Live Theater" venue aboard the ship.

11. Defendant owed a duty of reasonable care to maintain the premises in a safe condition and to prevent injury to passengers, including but not limited to ensuring that theater seating was properly maintained, secure, and inspected prior to passenger use.

12. Defendant breached this duty of care by, among other things, failing to ensure that theater seats—specifically the front row end seat upon which Plaintiff sat—were safely secured and properly latched, creating a hazardous and defective condition. The seat was not attached to the required internal latching mechanisms on both sides, allowing the seat bottom to drop suddenly and dangerously when Plaintiff sat down, causing him to fall violently to the floor and sustain serious injuries.

13. Defendant's crew, in the scope and course of their employment and/or agency with Defendant, was responsible for securing the latching mechanism for the seat; and/or inspecting the latching mechanism for the seat that caused injuries to Plaintiff. As such, Defendant is vicariously liable for the actions and/or inactions of its crew in relation to the seat that caused

injuries to Plaintiff and the actions/ and inactions of its crew in how it handled the incident towards Plaintiff after it happened.

14.    Defendant, through its employees and agents, had actual and/or constructive notice of the defective condition of the seat:

Actual Notice: The dangerous condition was created by Defendant's own employees or agents, who were solely responsible for latching the theater seat cushions into place prior to public use. This task was not accessible to passengers, nor were passengers ever instructed or permitted to inspect or secure the seating hardware themselves. Based on information and belief, and consistent with crew procedures, only trained ship personnel have the knowledge and physical ability to properly engage the dual internal latching mechanisms designed to prevent the "guillotine" effect experienced by Plaintiff. As such, any failure to secure the seat could only have been caused by Defendant's agents or crew members. The lapse was not merely an oversight—it reflected a systemic failure to follow internal safety protocols and manufacturer design requirements, despite Defendant's knowledge that such defects could lead to severe passenger injury. Defendant's employees' conduct in immediately attempting to latch the seat after Plaintiff's fall further supports that they were familiar with the condition and their role in creating or addressing it.

Constructive Notice: The defect was visible, patent, and easily discoverable through reasonable inspection. The cruise line failed to exercise due care in conducting pre-show inspections or ensuring the seats were properly secured. The condition had existed for a sufficient duration prior to Plaintiff's fall that Defendant, in the exercise of reasonable care, should have discovered and remedied their error.

15.    Further breaching their duty of care, Defendant's employees

forcibly pulled Plaintiff up by his arms without assessing his condition or offering medical assistance. This improper handling exacerbated Plaintiff's injuries, particularly to his left shoulder. Despite Plaintiff's visible distress, Defendant failed to summon trained medical personnel or follow proper emergency protocol.

16.     Defendant's negligence extended beyond the incident by failing to provide Plaintiff with requested disability accommodations for embarkation and disembarkation, despite clear requests.

17.     Said negligence was a substantial factor in causing Plaintiff to become injured.

18.     As a direct and proximate result of said negligence, Plaintiff has incurred and will continue to incur economic damages in an amount to be shown according to proof, including but not limited to, past and future loss of earnings, and past and future medical expenses.  As a further proximate result of said negligence, Plaintiff has suffered and will continue to suffer serious physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress and other non-economic damages in an amount to be shown according to proof

## **RELIEF**

WHEREFORE, Plaintiff Jeffre Ord prays for judgment against Defendant Princess Cruise  Lines, Ltd., and DOES 1 through 50, inclusive, as follows:

1. For general damages in an amount according to proof;

2. For special damages, including but not limited to medical expenses, lost  wages, and other out-of-pocket costs, in an amount according to proof;

3. For costs of suit incurred herein;

4. For prejudgment interest as permitted by law; and

5. For such other and further relief as the court may deem proper.

DATED:  May 7, 2025                    THE RYAN LAW GROUP

                                       BY: s/Andrew T. Ryan
                                           Andrew T. Ryan
                                           Attorneys for Plaintiff

COMPLAINT

## JURY TRIAL DEMAND

Plaintiff Jeffre Ord hereby demands a trial by jury.


DATED:  May 7, 2025                    THE RYAN LAW GROUP


                          BY: s/ Andrew Ryan
                               Andrew T. Ryan
                               Attorneys for Plaintiff